Todd A. Fuson (SBN 152593)
**LAW OFFICES OF TODD A. FUSON**
4508A Atlantic Avenue, Suite 171
Long Beach, CA 90807
Tel: (310) 562-2384
toddfusonesq@yahoo.com
*Attorneys for Plaintiff,*
NINA NICHOLAS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NINA NICHOLAS,<br><br>     Plaintiff,<br><br>  vs.<br><br>LTD FINANCIAL SERVICES, LP, BLAZE MASTERCARD a/k/a CAPITAL PREFERRED CREDIT, LLC, and RGS FINANCIAL, INC.; and DOES 1 through 10, inclusive,<br><br>     Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>  **1. THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]; and**<br><br>  **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

**COMPLAINT FOR DAMAGES**

### I.   INTRODUCTION

1. This is an action for damages brought by Plaintiff Nina Nicholas, an individual consumer, by and through her attorneys, Law Offices of Todd A. Fuson, based on Defendants LTD Financial Services, LP's, Blaze Mastercard a/k/a Capital Preferred Credit, LLC's and RGS Financial, Inc.'s breach of contract, fraud and violations of the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692, *et seq*. (hereafter "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788 *et seq.* (hereafter "RFDCPA"). The FDCPA and RFDCPA prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 as Plaintiff's claims arise under the laws of the United States. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is so related to Plaintiff's FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) because a substantial part of the events giving rise to the claim occurred in this judicial district, and Defendants are subject to this Court's personal jurisdiction with respect to this action as Defendants transact business here.

## III.   PARTIES

4. Plaintiff Nina Nicholas is an individual, residing in Palm Springs, Riverside County, California 92262.

5. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA and a "debtor" as defined by CAL. CIV. CODE § 1788.2(h).

6. Defendant LTD Financial Services, LP is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 7322 Southwest Fwy, Ste 1600, Houston, TX 77074. The

principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant Blaze Mastercard a/k/a Capital Preferred Credit, LLC is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 500 E 60th St N, Sioux Falls, SD 57104. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant RGS Financial, Inc. is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 1700 Jay Ell Drive, Ste 200, Richardson, TX 75081. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendants LTD Financial Services, LP and RGS Financial, Inc. are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6); and all Defendants are "debt collectors" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c).

10. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

### IV.   FACTUAL ALLEGATIONS

11. Within one year prior to the filing of this action, Defendants LTD Financial Services, LP ("LTD"), Blaze Mastercard a/k/a Capital Preferred Credit,

LLC ("BLAZE") and RGS Financial, Inc. ("RGS") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to BLAZE.

12. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of FDCPA, 15 U.S.C. § 1692a(5) and which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f) ("alleged debt").

13. Defendants LTD and BLAZE sent Plaintiff a settlement letter dated June 23, 2017.

14. In this letter, LTD and BLAZE stated that Plaintiff owed a debt of $640.29, and LTD and BLAZE offered a $320.15 settlement on the account, to be made in one payment by June 30, 2017.

15. Plaintiff accepted this settlement and made the required payment of $320.15 on June 29, 2017, and the debt was settled and paid in full.

16. Thereafter, Defendant RGS and BLAZE sent Plaintiff a dunning letter dated October 25, 2017, which stated that Plaintiff still owed BLAZE $640.29.

17. Upon information and belief, BLAZE fraudulently assigned Plaintiff's already-settled and fully paid account to RGS in order to continuing to collecting on it.

18. BLAZE knew that its misrepresentations in its agent RGS's dunning letter to Plaintiff were false.

19. BLAZE intended that Plaintiff rely on its misrepresentations to pay a previously settled and fully paid, non-existing debt.

20. RGS's dunning letter informing Plaintiff she still owed BLAZE a debt, which Plaintiff believed to be true, caused Plaintiff emotional and mental distress and anguish.

21. Defendants LTD and RGS knew or should have known that their actions violated the FDCPA and RFDCPA. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA and RFDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

22. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

24. As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## V.  FIRST CAUSE OF ACTION
### (Breach of Contract)

25. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24 herein.

26. Defendants LTD and BLAZE acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration of one payment which Plaintiff would be required to make.

27. Plaintiff made the required payment in accordance with the agreement, and the account was settled and paid in full.

28. LTD and BLAZE reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

29. As a result, Plaintiff has suffered monetary damages.

## VI.    SECOND CAUSE OF ACTION

### (Common Law Fraud)

30. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 herein.

31. BLAZE fraudulently assigned Plaintiff's already-settled and fully paid account to RGS in order to continue collecting on it.

32. BLAZE knew that its misrepresentations in its agent RGS's dunning letter to Plaintiff were false.

33. BLAZE intended that Plaintiff rely on its misrepresentations to pay a previously settled and fully paid, non-existing debt.

34. As a result, Plaintiff has suffered actual and monetary damages.

## VII.    THIRD CAUSE OF ACTION

### (Violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

35. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 34 herein.

36. The above contacts between Defendants LTD and RGS and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

37. Defendants LTD and RGS violated provisions of the FDCPA, including, but not limited to, the following:

    a. The FDCPA 15 U.S.C. § 1692e(2) prohibits the false representation of the character, amount, or legal status of any debt. FDCPA § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

    b. Defendant LTD violated § 1692e(10) by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it intended to breach and did breach.

        c.    Defendant RGS is liable under § 1692e(2) for misrepresenting the amount of Plaintiff's debt, which in fact was $0.00, and under § 1692e(10) for stating that Plaintiff owed a debt, when no such debt existed.

38.    As a result of the above violations of the FDCPA, Defendants LTD and RGS are liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

## VIII.    FOURTH CAUSE OF ACTION
### (Violation of the RFDCPA, CAL. CIV. CODE § 1788 *et seq.*)

39.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 38 herein.

40.    California Civil Code § 1788.17 states the following: "Every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

41.    Defendants LTD, BLAZE, and RGS violated California Civil Code § 1788.17 by violating 15 U.S.C. §§ 1692e(2) and 1692e(10) of the FDCPA.

42.    As a result of the above violations of the Rosenthal Fair Debt Collection Practices Act, Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment in the sum of $10,000.00 be entered against Defendants as follows:

    A. That judgment be entered against Defendants LTD and BLAZE for monetary damages accrued by Plaintiff as a result of their breach of contract;

1. B. That judgment be entered against Defendant BLAZE for actual and monetary damages accrued by Plaintiff as a result of its committing common law fraud;
2. C. That judgment be entered against Defendants LTD and RGS for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and against all Defendants for actual damages pursuant to CAL. CIV. CODE § 1788.30(a);
3. D. That judgment be entered against Defendants LTD and RGS for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and against all Defendants for actual damages pursuant to CAL. CIV. CODE § 1788.30(b);
4. E. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and CAL. CIV. CODE § 1788.30(c);
5. F. That the Court award Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and
6. G. That the Court grant such other and further relief as the Court may deem as just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,
**LAW OFFICES OF TODD A. FUSON**

Dated: November 1, 2017

By: */s/ Todd A. Fuson*
Todd A. Fuson (SBN 152593)
4508A Atlantic Avenue, Suite 171
Long Beach, CA 90807
Tel: (310) 562-2384
toddfusonesq@yahoo.com
*Attorneys for Plaintiff,
Nina Nicholas*